# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 15 cv 9801 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| ADELAIDE TAMAYO ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Adelaide Tamayo, moves to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. Tamayo raises four claims: improper imposition of a Chapter 3 adjustment under Guideline § 3B1.1(a) for an aggravating role; improper use of the fact of her minor daughter being present for one of the incidents for two adjustments; her sentence of 92 months was greater than necessary; and the sentencing court failed to explain all the conditions of mandatory supervised release as required under *United States v. Thompson*, 777 F.3d 368, 372 (7th Cir. 2015). For the reasons stated below, this Court denies the petition without evidentiary hearing.

**Background**

On December 12, 2012, a ten-count indictment No. 11 CR 899 was filed by a federal Grand Jury charging Adelaide Tamayo, Angel Roman, and Stanley Hogue with conspiracy to defraud the United States, unlawful possession of a postal service key, mail theft, and access device fraud in violation of 18 U.S.C. §§ 371, 1704, 1708, and 1029(a)(2). On March 26, 2014, Tamayo entered a plea of guilty to Count Two pursuant to a written plea agreement and admitted the relevant conduct. (*See United States v. Tamayo, et al.*, 11 CR 899, at Dkt. 143). District Judge Amy St. Eve sentenced Tamayo on October 30, 2014, to 92 months imprisonment on Count Two of the indictment and imposed a term of two years mandatory supervised release. Tamayo did not appeal her conviction or sentence.

1

**Legal Standard**

Petitioner Tamayo seeks relief from her conviction and sentence pursuant to 28 U.S.C. § 2255(a), which allows a prisoner convicted in federal court to seek to vacate, set aside, or correct his sentence. Tamayo's *pro se* petition is construed liberally. *Ward v. Jenkins*, 613 F.3d 692, 700 (7th Cir. 2010). Relief under section 2255 is available only in limited circumstances, such as where an error is jurisdictional, constitutional, or there has been a "complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). This is an "extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. U.S.*, 476 F.3d 518, 521 (7th Cir. 2007).

**Discussion**

*1. Procedural Default*

Tamayo did not file a direct appeal following her conviction. The Seventh Circuit has made it very clear that non-constitutional issues that could have been but were not raised on direct appeal cannot be raised in section 2255 petition. *United States v. Belford*, 975 F.2d 310, 313 (7th Cir. 1992); *see also Turner v. United States*, 693 F.3d 756, 758 (7th Cir. 2012). Procedural default can be avoided if petitioner can demonstrate both cause and prejudice from the failure to appeal or that "a fundamental miscarriage of justice" will occur if collateral review is barred. *United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012).

Tamayo raises four grounds for attacking her sentence under section 2255. The first two grounds challenge the sentencing court's application of two enhancements when calculating her criminal offense level under the Sentencing Guidelines; the three-level enhancement under section 3B1.1(a) for her role as organizer in an offense involving five people, and the two-level enhancement under section 3B1.4 for use of a minor to commit a crime. The third ground for relief asserts that the sentencing judge failed to consider the 18 U.S.C. §3553(a) factors to impose a

sentence that is not "greater than necessary." The fourth ground for relief claims that the judge failed to go over all of the Supervised Release conditions as required by *United States v. Thompson*, 777 F.3d 368, 372 (7th Cir. 2015).

Section 2255 is not a substitute for direct appeal. *Vinyard v. United States,* 804 F.3d 1218, 1226 (7th Cir. 2015) (citing *Qualls v. United States*, 774 F.2d 850, 851 (7th Cir. 1985). Tamayo's claims are all of the type reviewed on direct appeal since resolution of those claims does not depend on evidence outside the trial record. *See Vinyard*, 804 F.3d at 1226; *United States v. Taglia*, 922 F.2d 413, 417 (7th Cir. 1991). Her claims are thus procedurally defaulted in the manner in which they are stated in her petition. Even if her first two grounds for relief were not defaulted, the Seventh Circuit has held that deviations from the Sentencing Guidelines generally are not cognizable on a section 2255 motion. *See Welch v. United States*, 604 F.3d 408, 412 (7th Cir. 2010).

*2. Ineffective Assistance of Counsel*

Although Tamayo does not state her grounds for relief under section 2255 in form of ineffective assistance of counsel, she states that her reason for not appealing those claims was ineffective assistance of counsel. The Supreme Court of the United States has definitively held that ineffective-assistance of counsel claims need not be presented on direct appeal to preserve them for collateral attack under section 2255. *Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L. Ed. 2d 714 (2003). In order to establish ineffective assistance of counsel, Tamayo must show both that counsel's representation was deficient, falling below an objective standard of reasonableness, and that counsel's deficient performance prejudiced Tamayo's defense such that the proceedings were fundamentally unfair. *Strickland v. Washington*, 466 U.S. 668, 684-86, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Carter v. Douma*, 796 F.3d 726, 735 (7th Cir. 2015). Tamayo fails to establish either prong of *Strickland* for any of her claims.

Tamayo fails to develop an ineffective assistance of counsel claim in either ground one or ground two based on the court having imposed enhancements for her role in a scheme involving five participants and the use of her minor daughter as part of the scheme. Her failure to explain how counsel's performance was deficient or in what manner she was prejudiced for either of these claims defeats ineffective assistance of counsel. Furthermore, her attorney at sentencing raised both these issues in his sentencing memorandum and during the sentencing. In fact, the sentencing court imposed a three-level enhancement for the aggravating role after considering counsel's argument instead of the four-level enhancement that was requested by the government. Additionally, it was not in dispute that Tamayo had her minor daughter accompany Tamayo and her co-defendants as they carried out their scheme. Counsel argued that it was a sort of "double-counting" for the court to impose the two level enhancement under U.S.S.G. § 3B1.4 for use of a minor to commit the offense and to include the minor in the calculation of participants for the three-level enhancement under U.S.S.G. § 3B1.1. The Seventh Circuit permits double-counting when applying the sentencing guidelines. *United States v. Nance*, 611 F.3d 409, 413 (7th Cir. 2010) ("Double counting is generally permissible unless the Guidelines say otherwise or there is a compelling basis for implying a prohibition."); *United States v. Vizcarra*, 668 F.3d 516, 521 (7th Cir. 2012). Tamayo does not indicate what more her counsel could have or should have done and the fact that the court overruled the objections does not render his performance deficient. *See United States v. Herrera*, No. 14 C 1933, 2016 WL 561904, at *3, 2016 U.S. Dist. LEXIS 17734 (N.D. Ill. Feb. 12, 2016) (court rejecting an ineffective assistance of counsel stemming from the same enhancements imposed for leadership role and use of a minor).

Tamayo's claim in ground three that the sentencing court imposed a sentence that was not greater than necessary and did not consider all the 18 U.S.C. §3553(a) factors is conclusory and does not identify any conduct on the part of her attorney at sentencing that was deficient. The bare

4

assertion that the court failed to consider all the section 3553(a) factors provides no basis for an ineffective assistance of counsel claim.

In ground four, Tamayo asserts that the court failed to go over the Supervised Release conditions in the manner directed by the Seventh Circuit in *United States v. Thompson*, 777 F.3d 368, 372 (7th Cir. 2015). This claim indicates no conduct on the part of counsel that was deficient in any way and, thus, as with ground three, there is no basis for an ineffective assistance of counsel claim. Moreover, *Thompson* was decided well after Tamayo's sentencing. To provide effective assistance counsel is not required to anticipate shifts in legal doctrine like the change in sentencing procedure mandated by *Thompson. Knox v. United States,* 400 F.3d 519, 522-23 (7th Cir. 2005).

This Court finds no reason for altering Tamayo's sentence based on ineffective assistance of counsel. Additionally, this Court concludes that an evidentiary hearing is unnecessary based on the vague, non-specific, and conclusory allegations raised by Tamayo. *See Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996); *Daniels v. United States*, 54 F.3d 290, 293 (7th Cir. 1995) (holding that an evidentiary hearing on a section 2255 motion is not mandatory.). Tamayo's motion to vacate, to set aside, or to correct, her sentence pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.

Date: May 12, 2016

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge